IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CR-107-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | OPINION |
| MARVIN MAROQUIN-BRAN, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant came before the court upon remand for resentencing February 19, 2010. Upon hearing, the court overruled defendant's objection to application of the sixteen-level sentencing enhancement for prior conviction of a drug trafficking offense pursuant to United States Sentencing Guideline § 2L1.2(b)(1)(A). The court amplifies herein upon its reasons for this determination.

BACKGROUND

Defendant was charged in a one count indictment with illegal re-entry by an alien in violation of 8 U.S.C. § 1326 on September 12, 2007. On November 14, 2007, defendant pleaded guilty. On April 15, 2008, the court determined the appropriate total offense level was twenty-one (21), which resulted in a recommended guidelines range of fifty-seven (57) to seventy-one (71) months imprisonment. The court determined this offense level by applying a sixteen-level enhancement for prior conviction of a drug trafficking offense pursuant to U.S.S.G. § 2L1.2(b)(1)(A). Defendant had a prior conviction in California under a statute which prohibited drug trafficking among other conduct. Adopting the approach used in

United States v. Alvarez-Granados, 228 F. App'x 350 (4th Cir. 2007), this court found the enhancement proper because the California statute *inter alia* prohibited drug trafficking. The court did not give any further consideration to the facts underlying the prior conviction. The court sentenced defendant to fifty-seven (57) months imprisonment.

On November 9, 2009, the Court of Appeals for the Fourth Circuit vacated defendant's sentence and remanded the case for resentencing. The Fourth Circuit held the sixteen-level enhancement was inappropriate when the basis for the enhancement was a prior conviction under a statute that *inter alia* criminalizes drug trafficking, reversing the position of the court taken in Alvarez-Granados. United States v. Maroquin-Bran, No. 08-4464, slip op. at 4 (4th Cir. Nov. 9, 2009). Rather, when confronted with a statute that prohibits trafficking and non-trafficking conduct, the Fourth Circuit held the enhancement is only appropriate if the predicate conviction itself was for a drug trafficking offense. Id. The Fourth Circuit remanded for resentencing in light of its interpretation of § 2L1.2(b)(1)(A).

On remand, defendant urged the court that the sixteen-level enhancement was inappropriate because approved documentation does not establish the underlying behavior which served as a predicate for the California conviction. For the reasons detailed below, the court finds that the sixteen-level enhancement does apply in this instance and the applicable recommended guideline range is fifty-seven (57) to seventy-one (71) months. Because of the additional information before the court regarding defendant's

impermissible conduct while in prison serving the court's sentence,[1] the court concludes a period of incarceration of sixty-three (63) months is an appropriate term of imprisonment.

ANALYSIS

To qualify for the sixteen-level enhancement pursuant to § 2L1.2(b)(1)(A), the defendant must have been deported after a "conviction for a felony that is (I) a drug trafficking offense for which the sentence imposed exceeded 13 months." A drug trafficking offense is one which prohibits the "manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance" or possession with intent to engage in the aforementioned conduct. Id. application note 1. When determining whether a prior conviction warrants the enhancement, "a court must first compare the 'statutory definition of the prior offense' to the Guidelines' definition of a qualifying prior offense." Maroquin-Bran, slip op. at 6 (quoting Taylor v. United States, 495 U.S. 575, 602 (1990)). If the criminal statute is overbroad and prohibits both qualifying and non-qualifying conduct, the court must evaluate the character of the prior offense to determine whether it supports the enhancement. Id. When considering the character of the prior offense, the court's inquiry is "limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard v. United States, 544 U.S. 13, 26 (2005).

---

[1] At sentencing, the Probation Officer stated that defendant has accrued two infractions regarding prohibited substances while in Bureau of Prisons ("BOP") custody. While BOP custody prohibits the Probation Officer from disseminating copies of this record, both parties were offered opportunity to review defendant's disciplinary record in the context of the court hearing.

3

Here, defendant's prior conviction at issue is a violation of California Health & Safety Code § 11360(a). Section 11360 provides, "every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell furnish, administer, or give away, or attempts to import into this state or transport any marijuana shall be punished by imprisonment . . ." Given the breadth of conduct prohibited, not all convictions pursuant to § 11360 would necessarily support the sixteen-level enhancement. For instance, the sale of marijuana would support the enhancement at issue, but transportation of marijuana would not. Maroquin-Bran, slip op. at 6. As the statute prohibits both trafficking and non-trafficking offenses, the court must address the character of the prior offense to determine whether the conviction supports the enhancement.

The court has three Shepard-approved documents or sets of documents before it, copies of which are attached hereto for convenience of reference. These include 1) the criminal information; 2) the abstract of judgment relating to defendant's October 18, 1990, probation revocation;[2] and 3) the four-page compilation of case records of the Superior Court of California, County of Los Angeles, of or relating to a) defendant's March 9, 1989, arraignment and plea, b) April 6, 1989, sentencing, and c) his subsequent

---

[2]This was in relation to defendant's second recorded violation of probation. The document as it pertains to the offense of conviction, is relevant and helpful in deciphering details pertinent to the date of defendant's conviction. The document shows defendant was convicted of the underlying offense on March 9, 1989, which date is not legible in other documentation. Singular reliance on this document for the purpose of determining what conduct defendant admitted to in his guilty plea is misguided, however, to the extent guidance is suggested in the stylization of the crime: "sale/TRANSP MARIJUANA." The abstract is several procedural steps removed and there is a contemporaneous recording of the plea and judgment taken a year and half or so earlier, to which reference can be made. The primary purpose of the later abstract is to record pronouncement of sentence October 18, 1990. From the face of the document generated around October 18, 1990, in light of the record developed in the case, it cannot be found that use of a slash mark and capital letters following that symbol were intended by the generator to emphasize that the plea pertained only to transportation of marijuana, as defendant argues. One also could speculate that the "capitol" function on the keyboard inadvertently was depressed as the typist navigated from "SECTION NUMBER" block to "CRIME" block in the form, and that this was corrected after the slash mark, resorted to because of that block's space limit, was deployed.

4

probation revocations.³ The court does not consider or rely on the probation report again urged to corroborate the <u>Shepard</u>-approved documents by the government. This report is outside the permissible scope of <u>Shepard</u>. The court declines also to draw any inference from count two of the California charging document, which pertains solely to another defendant.

The information charges this defendant with "the crime of SALE OR TRANSPORTATION OF MARIJUANA...[when he] did willfully and unlawfully transport, import into the State of California, sell, furnish, administer, <u>and</u> give away, <u>and</u> offer to transport, import into the State of California, sell, furnish, administer, <u>and</u> give away, <u>and</u> attempt to import into the State of California <u>and</u> transport marijuana." (emphasis added.) Documentation contained in form 2 at line 57 of or relating to his arraignment and plea specifies defendant "PLEADS GUILTY WITH CONSENT OF DISTRICT ATTORNEY AND APPROVAL OF COURT TO VIOLATION OF SECTION(S) 11360.A H[EALTH] & S[AFETY] IN COUNT(S) 1." After the word "GUILTY," certain language has been crossed out and made unavailable to characterize defendant's plea, entered upon withdrawal of a not-guilty plea.

---

³This four-page compilation, copied from microfiche or microfilm it would appear from records archived in the case now over twenty (20) years old, is difficult to read given the type size and quality of the images. Line by line, the documentation records a myriad of case activities in a staccato manner. The significance of the separate pages, discussed more particularly at hearing by the Probation Officer with deference to his California counterpart, appears unchallenged. There is no dispute that California state court processes resulted during the period in question in the making of this unified written record of defendant's contacts with the criminal justice system, be the components properly termed "transcripts," "judgments" or other. The compilation includes documentation of his arraignment and plea (form 2 containing block numbers 31 through 69), judgment and sentencing (form 3 containing block numbers 71 through 92), and probation violations and judgments thereon (form 4 containing block numbers 101 through 136). Documentation, if any other exists as a part of this unified record made in the Superior Court of California, County of Los Angeles, of or relating to activities in the case preceding this defendant's March 9, 1989, arraignment and plea, i.e. a form with block numbers 1 through 30, and in the interval between his April 6, 1989, sentencing and his first probation violation on July 24, 1990, i.e. a form with block numbers 93 through 100, has not been made a part of the record in this case.

5

The information charges the conduct in the conjunctive. Five times the word "or" appearing in the statute is supplanted by the word "and" as contained in the charging document. Defendant entered a plea to the offense conduct as charged in count one. The court need not look any further to determine that defendant's California conviction qualifies for the sixteen-level enhancement.

Defendant, however, urges the court to consider and rely on United States v. Vidal, 504 F.3d 1072 (9th Cir. 2007) (*en banc*), to reach a different conclusion. In Vidal, the Ninth Circuit used the modified categorical approach to assess the prior conviction at issue in the case and concluded that, under the circumstances presented, the defendant's guilty plea to unlawful driving or taking of a vehicle did not establish the necessary factual predicate to qualify for an aggravated-felony enhancement. Id. at 1076. Vidal involved what is described therein as a West plea, sounding as a no contest plea, where a defendant is allowed to plead guilty without admitting the specific details of his conduct as charged. Id. at 1089. Vidal notes a predilection of California prosecutors specifically with regard to unlawful driving or taking of a vehicle offenses. Also, the court was concerned about the absence of certain documentation.

Defendant argues in reliance on that decision that charging in the conjunctive is the common practice of California prosecutors and, unless defendant pleads "guilty as charged," the charging document cannot be said to establish a factual predicate for the conviction. Vidal does not recognize a state-wide practice of charging in the conjunctive for violations of § 11360. Id. at 1088 n. 27. Moreover, it appears certain documentation not available in that case is available to this court illuminating the plea.

The Shepard-approved documents in this case do not indicate defendant entered anything less than a straightforward plea of guilty to the crime charged in count 1.[4] Shepard counsels and the Fourth Circuit reiterates that decision is to be made upon a careful reading of and with deference to terms as written. Upon review of the Shepard-approved documents in this case, and as the court found at hearing, defendant's prior conviction was for a drug trafficking offense. Defendant's plea of guilty to the offense charged in count one of the California indictment shows his plea was effective to the offense of selling and transporting marijuana. Accordingly, a sixteen-level enhancement under § 2L1.2(b)(1)(A) is appropriate.

It came to light at resentencing that this defendant while in the custody of BOP has been non-compliant with the law and prison rules in several significant ways. These include his receipt of and resort to a controlled substance, that is on separate occasions he was found in possession of drugs and a fermented concoction "brewed" within the prison confines. This conduct further informs his history and characteristics, propensity for recidivism, and the like.

As more particularly set forth at hearing, considering the purposes of sentencing, with due regard to the advice of the guidelines, and in consideration of the factors set forth in 18 U.S.C. § 3553, the court has determined a within guideline punishment remains appropriate but one that is six months longer than that term originally imposed. All other conditions of the court's judgment are renewed, with the added recommendation that this defendant be considered by BOP for the most intensive treatment program it can make available for someone suffering from addiction and dependency.

---

[4]In this case, one might quite reasonably conclude the words "NO CONTEST" are the ones struck following the word "GUILTY" at line 57.

CONCLUSION

For the foregoing reasons, the court overrules defendant's objection to the application of § 2L1.2(b)(1)(A) in his case. As memorialized in separate judgment entered herewith, the court sentences defendant to a period of incarceration of sixty-three (63) months. All other terms and conditions of the court's judgment are renewed and remain, with the added recommendation that this defendant be considered by BOP for the most intensive treatment program it can make available for someone suffering from addiction and dependency.

SO ORDERED this the 23rd day of February, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

8

# APPENDIX

1. Information

2. Abstract of Judgment Filed October 18, 1990

3. Four Page Compilation of Case Records of the Superior Court of California, County of Los Angeles

**INFORMATION**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| THE PEOPLE OF THE STATE OF CALIFORNIA, | Case No. A480149 |
|---|---|
| Plaintiff | |
| v. | INFORMATION |
| | Arraignment Date: 12/28/88 |
| | Department: SE  J |
| MARVIN BRAN MAROQUIN, and | |
| RAFAEL RAMOS HERNANDEZ | |
| Defendant(s) | |

INFORMATION
SUMMARY

| Ct. No. | Charge | Charge Range | Defendant | Special Allegation | Alleg. Effect |
|---|---|---|---|---|---|
| 1 | HS11360(a) | 2-3-4 | MAROQUIN, MARVIN BRA HERNANDEZ, RAFAEL RA | | |
| 2 | HS11359 | 16-2-3 | HERNANDEZ, RAFAEL RA | | |

The District Attorney of the County of Los Angeles, by this Information alleges that:

COUNT 1

On or about November 11, 1988, in the County of Los Angeles, the crime of SALE OR TRANSPORTATION OF MARIJUANA, in violation of HEALTH AND SAFETY CODE SECTION 11360(a), a Felony, was committed by MARVIN BRAN MAROQUIN and

Page 1

RAFAEL RAMOS HERNANDEZ, who did willfully and unlawfully transport, import into the State of California, sell, furnish, administer, and give away, and offer to transport, import into the State of California, sell, furnish, administer, and give away, and attempt to import into the State of California and transport marijuana.

* * * * *

COUNT 2

On or about November 11, 1988, in the County of Los Angeles, the crime of POSSESSION OF MARIJUANA FOR SALE, in violation of HEALTH AND SAFETY CODE SECTION 11359, a Felony, was committed by RAFAEL RAMOS HERNANDEZ, who did willfully and unlawfully possess for purpose of sale marijuana.

* * * * *

THIS INFORMATION CONSISTS OF 2 COUNT(S).

IRA REINER
DISTRICT ATTORNEY
County of Los Angeles,
State of California

BY: _____
GERALD G HANEY
DEPUTY DISTRICT ATTORNEY

/RMS

FILED
DEC 28 1988
[illegible] COUNTY CLERK
BY P. RAJKUMAR, DEPUTY

Filed in Superior Court,
County of Los Angeles

DATED: _____

ABSTRACT OF JUDGMENT FILED OCTOBER 18, 1990

# ABSTRACT OF JUDGMENT – PRISON COMMITMENT
## SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)

FORM DSL 290

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
BRANCH **SOUTHEAST**

COURT I.D. **1900 09**

PEOPLE OF THE STATE OF CALIFORNIA, versus
DEFENDANT: MAROQUIN, MARVIN
AKA:

[X] PRESENT
[ ] NOT PRESENT

CASE NUMBER: **A 480149**

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT

AMENDED ABSTRACT [ ]

**FILED**
OCT 18 1990
FRANK S. ZOLIN, COUNTY CLERK
R. [signature], DEPUTY

DATE OF HEARING: 10-18-90 | DEPT. NO: SE P | JUDGE: R.W. ARMSTRONG | CLERK: B. SMITH

REPORTER: R. ANDERSON | COUNSEL FOR PEOPLE: B. MARTINEZ | COUNSEL FOR DEFENDANT: R. RAMIREZ | PROBATION NO. OR PROBATION OFFICER: X 253781

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY (OR ALTERNATE FELONY/MISDEMEANOR):

| COUNT | CODE | SECTION NUMBER | CRIME | DATE OF CONVICTION MO / DAY / YEAR | CONVICTED BY | TIME IMPOSED YRS MOS |
|---|---|---|---|---|---|---|
| 1 | HS | 11360 P | sale/TRANSP MARIJUANA | 88 / 03 / 09 / 89 | X | 2 0 |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.:

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

4. OTHER ORDERS:

5. TIME STAYED § 1170.1(g) (DOUBLE BASE LIMIT):
6. TOTAL TERM IMPOSED: **2  0**
7. [ ] THIS SENTENCE IS TO RUN CONCURRENT WITH ANY PRIOR UNCOMPLETED SENTENCE(S):
8. EXECUTION OF SENTENCE IMPOSED:
   A. [ ] AT INITIAL SENTENCING HEARING
   B. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL
   C. [X] AFTER REVOCATION OF PROBATION
   D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))
   E. [ ] OTHER

9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR): **10-18-90**
   CREDIT FOR TIME SPENT IN CUSTODY: TOTAL DAYS **352** INCLUDING:
   ACTUAL LOCAL TIME: **235**
   LOCAL CONDUCT CREDITS: **117**
   STATE INSTITUTIONS: [ ] DMH  [ ] CDC

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:
    [X] FORTHWITH
    [ ] AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS
    [ ] INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:
    [ ] CALIF. INSTITUTION FOR WOMEN – FRONTERA
    [ ] CALIF. MEDICAL FACILITY – VACAVILLE
    [ ] SAN QUENTIN
    [X] CALIF. INSTITUTION FOR MEN – CHINO
    [ ] DEUEL VOC INST
    [ ] OTHER (SPECIFY):

**CLERK OF THE COURT**

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.
DEPUTY'S SIGNATURE: [signature]
DATE: **OCT 19 1990**

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences under Penal Code § 1170. Attachments may be used but must be referred to in this document.

ABSTRACT OF JUDGMENT – COMMITMENT
SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)
FORM DSL 290.1

Form Adopted by the Judicial Council of California
Effective April 1, 1990

**GOVERNMENT EXHIBIT 2**

**FOUR PAGE COMPILATION OF CASE RECORDS
OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**2 TRI/MOT**

Date: [illegible]
HONORABLE: [illegible]
JUDGE: J. PWR
DEPT: [illegible]
Deputy Sheriff: [illegible]
Deputy Clerk: [illegible]
Reporter: Ch. ITA

CASE NO.: A587147

PEOPLE OF THE STATE OF CALIFORNIA
VS
DE JOAQUIN MAKUTO [illegible]
PATJECCA JILTS

Counsel for People:
DEPUTY DISTRICT ATTY: C. CHICSOLM
Counsel for Defendant: [illegible]

CHARGE: (BOX CHECKED IF ORDER APPLICABLE)

NATURE OF PROCEEDINGS: TRIAL  TL SPAN 7/10 SPAN  12-29-86

31. ☑ N. ASDAY IS SWORN AS THE ENGLISH SPANISH INTERPRETER.
32. ☐ OATH FILED PER SECTION 68561 GOVERNMENT CODE.
33. ☐ DUE TO CONFLICT OF INTEREST, PUBLIC DEFENDER RELIEVED. PURSUANT TO SECTION 987.2 PENAL CODE/31000 GOVERNMENT CODE ALTERNATE DEFENSE COUNSEL ___ IS APPOINTED.
34. ☐ ON PEOPLE'S MOTION, AMENDMENT TO/AMENDED INFORMATION FILED/DEEMED FILED/INFORMATION AMENDED BY INTERLINEATION/AS FOLLOWS...
35. ☐ ON ___ MOTION, CASE A ___ CONSOLIDATED INTO CASE A ___ AS COUNT(S) ___ THEREOF. SEE CASE A ___ FOR FURTHER PROCEEDINGS.
36. ☐ MOTION PURSUANT TO SECTION 995 PENAL CODE GRANTED/DENIED/WITHDRAWN/CONTINUED TO...
37. ☐ MOTION PURSUANT TO SECTION 1538.5 PENAL CODE CALLED FOR HEARING ☐ MOTION SUBMITTED PER STIPULATION 41 BELOW.
38. ☐ DEFENDANT ADVISED OF CONSTITUTIONAL RIGHTS AND EFFECT OF PRIOR CONVICTIONS; WAIVES RIGHTS; ADMITS PRIOR(S) NO...
39. ☒ CAUSE IS CALLED FOR TRIAL. ☐ CAUSE SUBMITTED PER STIPULATION 41 BELOW.
40. ☒ DEFENDANT PERSONALLY AND ALL COUNSEL WAIVE TRIAL BY JURY ☒ COURT COURT ACCEPTS WAIVER(S).
41. ☐ By stipulation of defendant and all counsel issue is submitted on the testimony contained in the transcript of the preliminary hearing... [illegible small print]
42. ☒ Defendant advised and personally waives his right to confrontation of witnesses for the purpose of further cross-examination, and waives privilege against self-incrimination. Defendant advised of possible effects of plea on any alien/commitment/probation/parole status.
43. ☐ THE COURT STATES IT HAS READ AND CONSIDERED THE TRANSCRIPT OF THE PRELIMINARY HEARING.
44. ☐ ___
45. ☐ ALL SIDES REST. COUNSEL WAIVE ARGUMENT/ARGUE AND CAUSE IS SUBMITTED.
46. ☐ MOTION PURSUANT TO SECTION 1538.5 PENAL CODE GRANTED/DENIED/WITHDRAWN/CONTINUED TO...
47. ☐ COURT FINDS DEFENDANT NOT GUILTY.
48. ☐ COURT FINDS DEFENDANT GUILTY AS CHARGED TO SECTION(S) ___ ☐ LESSER INCLUDED/RELATED OFFENSE IN COUNT(S) ___
49. ☐ PRE-TRIAL CONFERENCE/TRIAL SETTING HELD/OFF CALENDAR/CONTINUED TO...
50. ☐ ☐ THE DEFENDANT ☐ THE PEOPLE ANNOUNCE(S) READY FOR TRIAL.
51. ☐ ON PEOPLE'S/DEFENDANT'S/COURT'S MOTION, TRIAL/MOTION(S) IS SET/CONTINUED TO/REMAINS/TRAILED TO ___ AT ___ A.M. IN DEPT. ___ REASON: ___
52. ☐ FURTHER CONTINUANCES WILL NOT BE GRANTED.
53. ☐ DEFENDANT PERSONALLY AND ALL COUNSEL WAIVE TIME FOR TRIAL. PLUS ___ DAYS.
54. ☐ CAUSE TRANSFERRED TO DEPT. ___ ☐ FORTHWITH ☐ ON ___ AT ___ A.M. FOR ___
55. ☒ DEFENDANT/WITNESS(ES) ORDERED TO RETURN ON ABOVE DATE ASCW.
56. ☒ DEFENDANT PERSONALLY WITHDRAWS PLEA OF NOT GUILTY TO COUNT(S) 1 REARRAIGNED.
57. ☒ PLEADS GUILTY/NOLO CONTENDERE, WITH CONSENT OF DISTRICT ATTORNEY AND APPROVAL OF COURT TO VIOLATION OF SECTION(S) USC PC3 IN COUNT(S) 1 ☐ LESSER INCLUDED/RELATED OFFENSE.
58. ☒ DEFENDANT REFERRED TO PROBATION DEPARTMENT. ☐ DEFENDANT WAIVES TIME FOR SENTENCE. PROBATION AND SENTENCE HEARING SET 1-6-87 AT 9 A.M. IN DEPARTMENT SC INCLUDING ☐ DISPOSITION OF COUNT(S) ___ REMAINING ☐ DETERMINATION OF PRIORS ALLEGED/ARMED/USE/GREAT BODILY INJURY ALLEGATION(S)
59. ☐ DEFENDANT WAIVES PROBATION REFERRAL. REQUESTS IMMEDIATE SENTENCE. (SEE SENTENCE BELOW/SEE ATTACHED SHEET.)
60. ___ FURTHER ORDER AS FOLLOWS: ___

61. THE SHERIFF IS ORDERED TO ALLOW THE DEFENDANT ___ TELEPHONE CALLS AT DEFENDANT'S OWN EXPENSE.
62. DEFENDANT FAILS TO APPEAR WITH/WITHOUT SUFFICIENT EXCUSE.
63. BAIL, IF POSTED, FORFEITED/O.R. REVOKED. BENCH WARRANT ORDERED ISSUED/REISSUED/AND HELD UNTIL ___
64. NO BAIL ___ BAIL FIXED AT $ ___ WARRANT FILED
65. DEFENDANT APPEARING BENCH WARRANT ORDERED RECALLED/QUASHED; RECALL NO ___ WRITTEN / ABSTRACT FILED
66. ___ UPON PAYMENT OF $ ___ COSTS BEFORE ___ AND FILING OF REASSUMPTION, ORDER OF FORFEITING BAIL IS TO BE VACATED AND BAIL REINSTATED.
67. REASSUMPTION FILED; COSTS PAID; RECEIPT NO ___ ORDER OF ___ FORFEITING BAIL VACATED, BAIL REINSTATED.
68. ___ DEFENDANT'S MOTION FOR RELEASE ON O.R./REDUCTION OF BAIL IS GRANTED/DENIED/SET/CONTINUED TO ___ REASON ___
69. BAIL RESET AT $ ___

REMANDED   ☒ BAIL   BAIL EXONERATED   BOND NO. ___
RELEASED   O.R.   OR DISCHARGED   IN CUSTODY OTHER MATTER
___   MINUTE ORDER   BENCH WARRANT

MINUTES ENTERED
COUNTY CLERK

**2 TRI/MOT**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Date:** [illegible]
**Honorable:** [illegible]  **Judge:** R. Zagon  **Deputy Clerk:** [illegible]
**Deputy Sheriff:** [illegible]  **Reporter:** [illegible]

**CASE NO.:** A980497 (?)

**PEOPLE OF THE STATE OF CALIFORNIA**
vs.
[defendant name illegible]

**Counsel for People / Deputy District Atty.:** L. Christian
**Counsel for Defendant:** [illegible]

(BOX CHECKED IF ORDER APPLICABLE) X 253781

**CHARGE:** [illegible]

### Nature of Proceedings

- [X] [illegible] — Interpreter Spanish [date]
- [ ] Public Defender Appointed, D.P.S. / Oath Pled per Section 68560 Government Code
- [ ] Due to conflict of interest, Public Defender relieved. Pursuant to Penal Code section 987.2 / Government Code section 31000. Alternate defense counsel _____ is appointed.
- [ ] Criminal proceedings adjourned/resumed
- [ ] Defendant ordered delivered to Department of Corrections per Section 1203.03 Penal Code
- [ ] On _____ motion, probation and sentence hearing/further proceedings continued to _____ at _____ A.M. in Dept. _____
- [ ] Supplemental probation report/progress report ordered
- [ ] Defendant personally and all counsel waive time for sentencing. [ ] Defendant ordered to return.
- [X] Proceedings suspended / [illegible]
  - [ ] Imprisoned in state prison for _____ term prescribed by law _____ total of _____ years _____ months
  - Court selects the _____ term of _____ years for the base term as to count _____
  - Plus _____ year(s) pursuant to Penal Code section _____
  - Plus _____ as indicated in item __ below
  - [ ] Committed to California Youth Authority. The term of imprisonment to which the defendant would have been sentenced pursuant to Section 1170 Penal Code is _____ years.
  - [ ] Imprisoned in Los Angeles County Jail for term of _____ days
  - [ ] Fined in sum of $ _____ plus additional fine of $ _____ (1137.5 Health & Safety Code) for a total fine of $ _____ plus $ _____ assessment and surcharge (1464 PC & 76000(c)) to be paid to County Clerk. [ ] Pay restitution fine in sum of $ _____ pursuant to section 1202.4 Government Code payable to Restitution Fund.
  - Sentence is suspended.

- [X] Probation granted for a period of **3** years [ ] Probation to be without formal supervision
  - [X] Spend first **188** days in County Jail  [ ] Road Camp or Honor Farm recommended
  - [ ] Work furlough program recommended  [X] Not to be eligible for County parole
  - 2. [ ] Fined in sum of $ _____ plus additional fine of $ _____ (1137.5 Health & Safety Code) for a total fine of $ _____ plus $ _____ assessment and surcharge (1464 PC & 76000(c)) to be paid to Probation Officer in such manner as he shall prescribe
  - 3. [X] Make restitution of $ **100.00** to the Victim/Restitution Fund pursuant to Section 1202.04 Penal Code in such manner as the Probation Officer shall prescribe. [ ] Total amount of restitution to include _____ % service charge as authorized by section 1203.1 PC.
  - [ ] Pay restitution fine in sum of $ _____ pursuant to section 1202.4(a) Government Code payable to Probation Department in such manner as they prescribe. [ ] Said fine to be stayed while defendant pays restitution, and if restitution is paid in full, stay shall be permanent.
  - 4. [ ] Minimum payment of fine/restitution to be $ _____
  - 5. [ ] Not drink any alcoholic beverage and stay out of places where they are the chief item of sale
  - 6. [X] No. use or possess any narcotics, dangerous or restricted drugs or associated paraphernalia except with valid prescription, and stay away from places where users congregate
  - 7. [X] Not associate with persons known by you to be narcotic or drug users or sellers
  - 8. [ ] Submit to periodic anti-narcotic tests as directed by the Probation Officer. Such testing to be suspended while the defendant is in custody, is hospitalized, or is in a residential drug treatment program approved by Probation Officer.
  - 9. [ ] Have no blank checks in possession. Not write any portion of any checks. Not have bank account upon which you may draw checks.
  - 10. [ ] Not gamble or engage in bookmaking activities or have paraphernalia thereof in possession and not be present in places where gambling or bookmaking is conducted
  - 11. [ ] Not associate with _____
  - 12. [X] Cooperate with Probation Officer in a plan for [illegible]
  - 13. [ ] Support dependents as directed by Probation Officer
  - 14. [X] Seek and maintain training, schooling or employment as approved by Probation Officer
  - 15. [ ] Maintain residence as approved by Probation Officer
  - 16. [X] Surrender driver's license to Clerk of Court to be returned to Department of Motor Vehicles
  - 17. [ ] Not drive a motor vehicle unless lawfully licensed and insured
  - 18. [ ] Not own, use or possess any dangerous or deadly weapons
  - 19. [X] Submit person and property to search and seizure at any time of the day or night by any law enforcement officer, with or without a warrant.
  - 20. [X] Obey all laws, orders, rules and regulations of the Probation Department and of the Court

- [X] Defendant to be given credit for **126** days in custody (includes **63** days good time/work time)
- [ ] Sentence/counts to run consecutively to/concurrently with _____
- [ ] Stay of execution of _____ granted to _____
- [ ] On motion of People, counts _____ dismissed in furtherance of justice.
- [ ] Court advises defendant of his appeal/parole rights
- [ ] "Notice Re Certificate of Rehabilitation and Pardon" given to defendant
- [ ] Defendant to pay costs of probation services in amount of $ _____
- [ ] Court finds that defendant does not have the present ability to pay costs of incarceration/legal services rendered/probation services rendered.
- [ ] Defendant is referred to Treasurer/Tax Collector for financial evaluation
- [ ] Further order as follows/additional conditions of probation

- [ ] Sheriff is ordered to allow defendant _____ phone calls at defendant's own expense
- [ ] Defendant fails to appear with/without sufficient excuse
- [ ] Bail, if posted, forfeited/to be revoked. Bench warrant ordered issued/reissued/and held until _____
  [ ] No bail. Bail fixed at $ _____
- [ ] Defendant appearing. Bench warrant ordered recalled/quashed [ ] Recall no. _____ written [ ] Abstract filed

| [X] Remanded | [ ] Bail | [X] Bail Exon | [ ] Bond No. | MINUTES ENTERED |
| [ ] Released | [ ] O.R. | [ ] O.R. Discharged | [X] On Probation | COUNTY CLERK |
| | [ ] Bench Warrant | | [ ] In custody other matter | 3 PSS |

MINUTE ORDER

[Illegible court minute order form — Superior Court of California, County of Los Angeles, Firestone. Case A480149-01, People of the State of California vs. MAROQUIN MARVIN BRAN. Dated JULY 24, 1990. Defendant found in violation of probation; sentenced to state prison for term of 3 years, suspended. Defendant sentenced to County Jail for 34 days. Credit for 34 days (11 actual + 23 good time/work time). Released.]

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

Date: OCTOBER 18 1990
HONORABLE: ROBERT W ARMSTRONG
Deputy Clerk: M DOWNS
Dept.: SEP 402
Bailiff: B SMITH
Reporter: Michael K Ancelin

CASE NO.: A460144-01

PEOPLE OF THE STATE OF CALIFORNIA
vs
01 MARROQUIN MARVIN
M11360-A 01CTS
x 253281

Counsel for People / Deputy District Atty: B Martinez
Counsel for Defendant: R Ramirez PD

Nature of Proceedings: MISCL #253281 P/V WITH VA085119 PROB
Eliza Fraga is sworn as the interpreter. Vanilla interpreter 12-20-88

- Defendant is found to be in violation of probation.
- Probation is revoked / remains revoked. Sentence imposed as follows:
  - Imprisoned in state prison for Low term of 2 years

Magarik Balt, Wendy Chavez, Christopher Bowier.
Peoples Exhibit #1 (envelope containing [illegible]) is admitted into evidence.

The defendant Marvin Marroquin, is sworn and has testified on his own behalf.

- Defendant to be given credit for 31-2 days in custody includes 112 days good time/work time.

☒ Remanded

Case 7:07-cr-00107-FL  Document 49  Filed 02/23/10  Page 19 of 19